## OVERTON v. WILLIAMS.

(Supreme Court, Appellate Division. Second Department.   June 17, 1910.)

1. CONTRACTS (§ 71*)—CONSIDERATION.

Plaintiff and defendant being game protectors, and each entitled, under Laws 1900, c. 20, § 172, as amended by Laws 1906, c. 206, § 2, to receive as part of his compensation half the fines and penalties collected in actions brought on information furnished by him, and each having procured evidence of violations of the game law by the same person, those of which defendant had evidence being more extensive and supposed to include those of which plaintiff had evidence, they agreed that plaintiff should forego his right to prosecute an action for fines and penalties, and should merge his evidence with that of defendant, and join with defendant in the prosecution of the larger claim, they to divide the money which might be recovered.   *Held*, that plaintiff's forbearance, for the benefit of defendant, to prosecute, was sufficient consideration for defendant's promise to divide the recovery.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 319; Dec. Dig. § 71.*]

2. CONTRACTS (§ 125*)—VALIDITY—PUBLIC POLICY.

Such agreement of the parties was not against public policy.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 583; Dec. Dig. § 125.*]

Appeal from Special Term, Suffolk County.

Action by John E. Overton against Alfred P. Williams.   From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

Leslie A. Davis, for appellant.

William Chilvers, for respondent.

WOODWARD, J.   The plaintiff and defendant were game protectors, under the provisions of the game law of the state of New York in 1906 and 1907, and in September, 1906, the plaintiff, in company with another, had procured evidence of a violation of the game law by one Louis Delemarre of New York City.   It appears that the defendant, at about the same time, had procured some evidence of a like violation of the statute by the same person, and that the number of birds involved in the case discovered by the defendant was much larger than in that of the plaintiff.   The plaintiff and defendant met in the law office of Selah B. Strong, and after some conversation it was agreed between the plaintiff and defendant that the plaintiff should merge his evidence with that of the defendant, it being conceded that the birds involved in the plaintiff's case were probably a part of the larger number embraced in the defendant's case, and that the two would divide the one-half of the penalties which should be recovered between themselves.   The plaintiff brings this action to recover his share of the proceeds of the action for penalties, the action having been successful, and the learned court below has dismissed his complaint upon the merits, upon the ground that the contract al-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leged was without consideration and against public policy. The plaintiff appeals from this judgment, and we are of the opinion that the same should be reversed.

Section 172 of chapter 20 of the Laws of 1900, as amended by section 2 of chapter 206 of the Laws of 1906, provided that protectors should "receive six hundred dollars a year and an allowance for expenses not exceeding four hundred and fifty dollars a year," and that "each of said protectors shall receive one-half of the fines and penalties less the expenses of recovering the sum collected in actions brought upon information furnished by him." It was clearly the policy of the statute to provide for the efficiency of the service by making a part of the compensation contingent upon the recovery of fines and penalties, and each protector had a right to the benefits which grew out of his own activities in discovering violations of the game law. The plaintiff, so far as the evidence goes, had at least a fairly good case to be presented for fines and penalties. He had a right to prosecute the same on getting permission from the forest, fish, and game commission. The defendant persuaded him to forego this right, and to join with the defendant in the prosecution of the larger claim, upon an agreement to divide the money which might be recovered; and we are persuaded that this forbearance on the part of the plaintiff, for the benefit of the defendant, constituted a good and lawful consideration for the contract, and that the learned court below erred in dismissing the complaint. This is not a case where the plaintiff was called upon in the discharge of his duties to furnish the evidence for the defendant. The policy of the law gave to each protector the right to look up the evidence and to furnish the same for the purpose of collecting fines and penalties, and it gave to each one one-half of the sum collected for such fines and penalties above the costs of the proceeding to collect the same; and if the plaintiff saw fit to waive his right to bring an action to recover the penalties upon 12 birds, that he might be permitted to share in the reward for a successful prosecution for 53 birds, including the 12 of which he already had evidence, we know of no considerations of public policy which have been violated, and we think, as we have already said, that there was a good consideration for the contract.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.